UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORRIS I. ONYEWUCHI,<br>    Plaintiff,<br><br>        and<br><br>EMILIO T. GONZALEZ, DIRECTOR,<br>U.S. CITIZENSHIP AND IMMIGRATION<br>SERVICES<br>    Defendant. | )<br>)<br>)   Civil Action No.: 08-0360 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER**

Defendant, identified in Plaintiff's Complaint as Emilio T. Gonzalez, Director, USCIS, in his Official Capacity, by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

SECOND DEFENSE

To the extent any monetary damages in the form of back pay may be determined to be awarded to Plaintiff, Defendant is entitled to an offset for any benefits paid to the Plaintiff by any agency of the United States or through any agency which receives funds from the United States.

THIRD DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so warrant. Defendant also reserves the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

FOURTH DEFENSE

Defendant denies each and every allegation in the Complaint except as may be expressly and specifically admitted. Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

1. Admit sentence 1. All other allegations are denied, including the existence of any violation of Title VII.

2. Admit sentence 1. Defendant is without sufficient information to form a reasonable belief regarding the truth or falsity of the remaining sentences, and they are therefore denied.

3. Admit Plaintiff joined INS as an immigration attorney and that in 2003 INS was abolished. All other allegations are denied.[1]

4. Deny.

5. Admit Plaintiff was assigned to ICE. All other allegations are denied.

6. Admit.

7. Admit.

8. This paragraph contains Plaintiff's characterization of the vacancy announcement, which speaks for itself, to which no answer is required, but insofar as an answer may be deemed required, admit.

---

[1] The predecessor Agency, INS, was merged into the newly formed Department of Homeland Security on April 1, 2003. The functions and personnel of Legacy INS were assigned among three new agencies, currently known as U.S. Citizenship and Immigration Services (CIS), U.S. Immigration and Customs Enforcement (ICE), and U.S. Customs and Border Protection (CBP).

9. Admit Plaintiff met the qualification requirements. All other allegations are denied.

10. Admit Ms. Patterson was one of two recommending officials and that she called Mr. Onyewuchi to schedule an interview. All other allegations are denied.

11. Admit Plaintiff declined to travel to Texas for an interview. All other allegations are denied.

12. Admit Plaintiff was interviewed by telephone on May 21, 2004. Defendant is without sufficient information to form a reasonable belief regarding whether the telephone interview occurred after Plaintiff's custody hearing.

13. Admit.

14. This paragraph contains Plaintiff's characterization of e-mail communication, which speaks for itself, to which no answer is required, but insofar as an answer may be deemed required, denied.

15. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff discovered. Admit Plaintiff was one of six candidates interviewed. All other allegations are denied.

16. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. Admit that all of the three recommended candidates appeared to be white. All other allegations are denied.

17. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations are denied.

18. The Agency is without sufficient information to form a reasonable belief regarding what inquiries Plaintiff undertook.

19. This paragraph contains Plaintiff's characterization of e-mail communication, which speaks for itself, to which no answer is required, but insofar as an answer may be deemed required, denied.

20. This paragraph contains Plaintiff's characterization of e-mail communication, which speaks for itself, to which no answer is required, but insofar as an answer may be deemed required, denied.

21. The Agency admits that Plaintiff timely initiated EEO contact with a counselor. All other allegations are denied.

22. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. This paragraph contains Plaintiff's characterization of e-mail communication, which speaks for itself, and conclusions of fact and law, to which no answer is required, but insofar as an answer may be deemed required, denied.

23. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. This paragraph contains Plaintiff's characterization of e-mail communication, which speaks for itself, and conclusions of fact and law, to which no answer is required, but insofar as an answer may be deemed required, denied.

24. Admit that headquarters instructed that interviews be conducted. All other allegations, characterizations and conclusions of fact and law are denied.

25. Deny.

26. Deny.

27. Deny.

28. Admit Ms. Patterson called Terry Bird. All other allegations are denied.

29. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations, argument and conclusions of fact and law are denied.

30. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations are denied.

31. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations are denied.

32. Deny any violation of Title VII occurred. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations are denied.

33. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations are denied.

34. The Agency is without sufficient information to form a reasonable belief regarding what Plaintiff learned. All other allegations are denied.

35. Deny.

36. Deny.

37. This paragraph contains legal conclusions to which no response is required.

38. Admit.

39. Admit this is proper Defendant to be named in a civil action for discrimination, that the USCIS is a federal agency within the Department of Homeland Security, and that agency headquarters are located in the District of Columbia. All other allegations are denied.

40. Admit.

41. Deny any violation of Title VII occurred. The remainder of this paragraph contains Plaintiff's arguments and conclusions of fact and law, to which no answer is required, but insofar as an answer may be deemed required, denied.

42. Admit plaintiff was interviewed and was not recommended or selected, and that the three recommended candidates appeared to be white. All other allegations are denied.

43. Deny any violation of Title VII occurred. Deny all other allegations.

44. Deny any violation of Title VII occurred. Deny all other allegations (a) through (o).

44. [sic] Denied

45. Deny all allegations and allege that plaintiff is not entitled to any relief whatsoever.

46. Deny any violation of Title VII occurred. Deny all other allegations.

47. Deny any violation of Title VII occurred. Deny all other allegations.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny that Plaintiff is entitled to any requested relief, pp. 18-19.  Defendant avers that any award of compensatory damages is subject to and limited by 42 U.S.C. 1981a.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # 423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for the Defendant

OF COUNSEL:
Pamela B. Peck
U.S. Customs and Immigration Service

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Defendant's Answer were served upon *pro se* plaintiff by depositing a copies in the U.S. Mail, first class postage prepaid, addressed to:

Morris I. Onyewuchi
1014 Chesterfield Place
Marietta, GA 30064

_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # 423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236