UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORRIS ONYEWUCHI,** | ) |
| | ) |
| Plaintiff pro se, | )  C. A. No.: 08-360 (RMU) |
| | ) |
| v. | ) |
| | ) |
| **EMILIO T. GONZALES, Director, U.S.** | ) |
| Citizenship and Immigration Services, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**LOCAL RULE 16.3 REPORT**

The parties, having conferred by telephone, provide this report to the Court in accordance with Local Rule 16.3(d).

Statement of the Case

Plaintiff is an African- American male citizen of the United States, of Nigerian origin, currently employed as an Assistant Chief Counsel with Defendant agency in Atlanta, Georgia. He filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), alleging that he had been discriminated against on the basis of race and national origin. The sole issue in the case is whether defendant violated plaintiff's rights under Title VII by discriminating against him when he was not selected for a position for which a white male from the United States was selected.

Matters to be addressed under Rule 16.3(c):

1. <u>Dispositive motion</u>: Both parties believe this case may be disposed of by dispositive motion after discovery.

2.  <u>Joinder, amendments, narrowing of issues</u>: Plaintiff believes that the joinder of other parties or amendment of the pleadings may be necessary after the completion of discovery. Defendant anticipates no other parties or pleadings.

3.  <u>Magistrate judge</u>: The parties do not agree to assignment to a magistrate judge for any purposes.

4.  <u>Possibility of Settlement</u>: While it is too early to tell if there is a reasonable possibility of settling the case, defendant does not currently see a basis for settlement.

5.  <u>Alternative Dispute Resolution</u>:  The parties agree that ADR would not be appropriate at this time prior to discovery, although they are willing to consider ADR at a later time.

6.  <u>Motions</u>: The parties believe this case will be suitable for a summary judgment motion at the close of discovery.   Motions should be filed within sixty days of the close of discovery. Oppositions should be filed thirty days thereafter and replies filed within fifteen days of the oppositions.

7.  <u>Initial Disclosures</u>:  The parties agree to dispense with initial disclosures.

8.  <u>Discovery</u>: The parties agree that discovery should begin immediately and conclude by January 7, 2008.  Neither side anticipates the need for more than seven depositions and 35 interrogatories apiece.  The parties agreed to file a protective order if appropriate.  No unusual discovery issues are anticipated.

9.   <u>Experts</u>: The parties agree that the requirements of Rule 26(a)(2), F.R.Civ.P., should not be modified in this case.

10.   <u>Class Actions</u>:  N/A.

11.-13.  <u>Trial</u>:  The parties do not request a bifurcated trial.  They propose that a pretrial date be set at the close of all discovery, and after the resolution of any final dispositive motion, and that a

trial date be scheduled for 30-60 days after the pretrial conference date.

        Respectfully submitted,

_____/s/_____  _____/s/_____
MORRIS I. ONYEWUCHI,     JEFFREY A. TAYLOR, D.C. Bar #498610
1010 Vermont Avenue, NW     United States Attorney
Suite 1110
Washington, DC 20005      _____/s/_____
              RUDOLPH CONTRERAS, D.C. Bar #434122
Plaintiff *pro se*         Chief, Civil Division

              _____/s/_____
              ALEXANDER D. SHOAIBI D.C. Bar #423587
              Assistant United States Attorney
              Civil Division
              555 4th Street, NW, Room E-4218
              Washington, DC 20530
              (202) 514-7236

              Counsel for Defendant