UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MORRIS I. ONYEWUCHI, | : | |
| Plaintiff, | : | Civil Action No.: 08-0360 (RMU) |
| v. | : | Re Document No.: 20 |
| EMILIO T. GONZALEZ Director, U.S. Citizenship and Immigration Services, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED
COMPLAINT AND REOPEN DISCOVERY; GRANTING THE DEFENDANT LEAVE TO
SUPPLEMENT ITS DISPOSITIVE MOTION TO ADDRESS THE DISPARATE
IMPACT CLAIMS RAISED IN THE FIRST AMENDED COMPLAINT

## I. INTRODUCTION

This case comes before the court on the plaintiff's motion for leave to amend the first amended complaint and to reopen discovery. The *pro se* plaintiff, an African-American attorney and naturalized citizen originally from Nigeria, alleges that the U.S. Citizenship and Immigration Services ("USCIS") discriminated against him based on his race and national origin when it did not select him for a position for which he had applied. Two months after the close of discovery, the plaintiff filed this motion for leave to amend his complaint to add a claim that USCIS's employment practices had a disparate impact on foreign-born and African-American applicants. The plaintiff also requests that the court reopen discovery. The defendant opposes the motion on the grounds that granting the requested relief at this stage of the proceedings would prejudice the defendant and that the proposed amendment would be futile.

Because the deadline for amending the pleadings has long since passed, and because the plaintiff was plainly aware of the information underlying his proposed amended claims well before filing this motion for leave to amend, the court denies his motion for leave to amend and his related request to reopen discovery. The court, however, notes that the current operative complaint sufficiently put the defendant on notice of the disparate impact claims the plaintiff sought to add through his proposed amended complaint. Accordingly, the court will grant the defendant an opportunity to supplement its pending dispositive motion to address those claims.

## II. FACTUAL & PROCECURAL BACKGROUND[1]

The plaintiff joined the Immigration and Naturalization Service ("INS") as an attorney in 2002. Proposed 2d Am. Compl. ¶ 3. In 2003, the INS was abolished, and its responsibilities transferred to two agencies within the Department of Homeland Security: U.S. Immigration and Customs Enforcement ("USICE") and USCIS. *Id.* ¶¶ 3-4. The plaintiff was assigned to USICE in 2003. *Id.* ¶ 5.

On May 6, 2004, USICS announced a vacancy for an Associate Counsel position in its Dallas, Texas office, for which the plaintiff immediately applied. *Id.* ¶¶ 7-9. Approximately two weeks later, Judith Patterson and Catherine Muhletaler, the two recommending officials for the position, interviewed the plaintiff via telephone. *Id.* ¶¶ 10-12, 23. On June 10, 2004, Patterson e-mailed the plaintiff to notify him that he had not been selected for the position. *Id.* ¶ 13. Patterson stated that familiarity with the Dallas area and academic credentials were among the

---

[1] For the purposes of ruling on this motion, the court assumes that the plaintiff's allegations are true. *See Atherton v. D.C. Office of the Mayor,* 567 F.3d 673, 681 (D.C. Cir. 2009) (observing that "[w]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

2

selection criteria used to assess candidates, but did not inform the plaintiff specifically why he had not been chosen. *Id.* ¶¶ 14, 20, 32.

On October 20, 2004, the plaintiff filed an Equal Employment Opportunity ("EEO") complaint with the USCIS, alleging that it had discriminated against him on the basis of race, disability[2] and national origin by not selecting him for the Associate Counsel position. *See generally* Def.'s Opp'n to Pl.'s 2d Mot. to Amend ("Def.'s Opp'n"), Ex. 4. After USCIS denied the plaintiff's claim on May 11, 2006, the plaintiff appealed. Proposed 2d Am. Compl. ¶ 40. On December 4, 2007, the Equal Employment Opportunity Commission ("EEOC") denied the appeal and notified the plaintiff of his right to sue. *Id.*

The plaintiff filed a complaint in this court on February 29, 2008. *See generally* Compl. Pursuant to Federal Rule of Civil Procedure 15(a), the plaintiff amended his complaint as a matter of right on March 7, 2008. *See generally* 1st Am. Compl. At a status hearing held on September 9, 2008, the court ordered that the parties submit any motions to further amend the pleadings by October 8, 2008. *See* Minute Entry (Sept. 9, 2008). Additionally, the court set a discovery deadline of January 7, 2009, which was subsequently extended to January 21, 2009. *See id.*; Minute Order (Jan. 4, 2009).

Prior to the close of discovery, a dispute arose concerning whether the defendant was required to produce documents concerning all of the approximately 120 applicants who had applied for the position. Def.'s Opp'n at 5. Ultimately, the court ordered the defendant to produce these documents, which were provided to the plaintiff on February 25, 2009. *Id.* at 6.

On March 6, 2009, the plaintiff filed this motion requesting leave to amend his first amended complaint. *See generally* Pl.'s 1st Mot. to Amend. The court denied the motion for

---

[2] The plaintiff has not asserted claims for disability discrimination in this action. *See generally* Compl.; 1st Am. Compl.

3

failure to comply with Local Civil Rule 15.1, *see* Minute Order (Mar. 6, 2009), which provides that motions to amend or correct pleadings "shall be accompanied by an original of the proposed pleading as amended," LCvR 15.1. One week later – a week before dispositive motions were due and nearly eight weeks after discovery had closed – the plaintiff filed a second motion for leave to amend the first amended complaint, *see* Pl.'s 2d Mot. to Amend ("Pl.'s Mot."), which the defendant opposed, *see generally* Def.'s Opp'n.[3]

Through this motion for leave to amend, the plaintiff seeks to add claims of disparate impact to the disparate treatment claims asserted in the first amended complaint. *See generally* Pl.'s Mot. Specifically, the plaintiff seeks to add a claim that requiring applicants to have familiarity with the Dallas area had a discriminatory adverse impact on foreign-born applicants. Proposed 2d Am. Compl. ¶ 85. The plaintiff also seeks to add a claim that the defendant's use of the *U.S. News and World Report* law school rankings as a criterion in determining applicants' academic credentials had a disparate impact on graduates of historically black law schools, such as the plaintiff. *Id.* ¶ 44. In addition, the plaintiff requests that the court reopen discovery. The court now turns to the applicable legal standard and the parties' arguments.

---

[3] On March 23, 2009, while the plaintiff's second motion for leave to amend was pending, the defendant filed a motion for judgment on the pleadings or, in the alternative, for summary judgment on the plaintiff's first amended complaint. *See generally* Def.'s Mot. for J. on the Pleadings or, in the Alternative, for Summ. J. ("Def.'s Mot."). The court ultimately suspended all briefing of the defendant's motion pending resolution of the plaintiff's motion for leave to amend. Minute Order (May 5, 2009).

4

# III. ANALYSIS

## A. The Court Denies the Plaintiff's Motion for Leave to Amend the First Amended Complaint and Reopen Discovery

### 1. Legal Standard for a Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days of serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service or a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. FED. R. CIV. P. 15(a). Otherwise, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. *See id.* The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile "if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F.

Supp. 2d 101, 114 (D.D.C. 2002) (citing 3 FED. PRAC. 3d § 15.15[3]); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that the plaintiff would succeed on his claim).

### 2. The Plaintiff Was Aware of the Basis of His Proposed Amended Claims Long Before Filing this Motion

Acknowledging that this motion comes long after the court-imposed deadline for motions to amend, the plaintiff argues that the defendant failed to disclose the evidence giving rise to his proposed disparate impact claims until well after that deadline had passed. Pl.'s Mot. ¶ 14. Specifically, the plaintiff contends that the defendant withheld e-mails sent to rejected applicants indicating that immigration law experience was a determinative factor in the hiring process. *Id.* ¶ 5. Additionally, the plaintiff asserts that the defendant withheld e-mails indicating that the interviewer had "a favorable bias towards University of Texas graduates." *Id.* ¶ 10. The plaintiff states that after receiving this additional evidence, he promptly moved for leave to amend his complaint to add claims of disparate impact. *See id.* ¶¶ 1-13. The plaintiff contends that any prejudice the defendant suffers is a result of its failure to disclose information. *Id.* ¶ 14. Additionally, the plaintiff maintains that granting leave to amend would not be futile, insisting that the proposed amended complaint asserts valid claims based on this newly discovered information. *Id.* ¶ 15.

The defendant responds that permitting the plaintiff to amend the complaint and reopen discovery at this stage would result in undue prejudice because the defendant would be required to assemble and analyze new evidence, engage in further discovery and amend its already-filed motion to dismiss. Def.'s Opp'n. at 12-13. The defendant also argues that the "new" evidence on which the plaintiff bases his proposed claim was already known by the plaintiff long before he filed this motion for leave to amend. *Id.* at 7-12. Furthermore, the defendant asserts that the

plaintiff's proposed claim is futile because it fails to state a cognizable claim of disparate impact and because the plaintiff failed to exhaust his administrative remedies with respect to any disparate impact claim. *Id.* at 14-17.

A court "may deny a motion for leave to amend if the amendment would result in delay or undue prejudice to the opposing party, or if a party had sufficient opportunity to state the amended claims and failed to do so." *Equity Group, Ltd. v. Painewebber Inc.*, 839 F. Supp. 930, 932 (D.D.C. 1993) (citing *Anderson v. USAir, Inc.*, 818 F.2d 49, 57 (D.C. Cir. 1987); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987)). Leave to amend is properly denied when the plaintiff was aware of the information underlying the proposed amendment long before moving for leave to amend the complaint. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (observing that "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied") (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming the district court's denial of leave to amend because the discovery deadline had already passed and because the plaintiff "was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint"); *Anderson*, 818 F.2d at 57 (concluding that the district court did not abuse its discretion in denying a motion for leave to amend the complaint as the proposed claims were based on facts known to the plaintiff prior to the completion of discovery); *LaPrade v. Abramson*, 2006 WL 3469532, at *5 (D.D.C. Nov. 29, 2006) (denying the plaintiff's motion for leave to amend the complaint as dilatory and unduly delayed because the plaintiff "knew sufficient facts before the amendment deadline to make the

claims she now seeks to add"); *Yager v. Carey*, 910 F. Supp. 704, 731 (D.D.C. 1995) (concluding that the "plaintiffs [had] been dilatory and . . . unduly delayed their attempt to amend their complaint because plaintiffs were aware of the facts giving rise to the cause of action before initially filing the complaint) (citing *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys. Inc.*, 853 F.2d 1139, 1149 (4th Cir. 1988)); *Hollinger-Haye v. Harrison W./Franki-Denys*, 130 F.R.D. 1, 2 (D.D.C. 1990) (denying the plaintiff's motion for leave to amend because "the additional counts were based on facts known to the plaintiff prior to the completion of discovery").

In this case, it is abundantly clear that the plaintiff was fully aware of the information underlying his proposed disparate impact claims long before the disclosure of the e-mails on which he purports to base those claims. Indeed, in his first amended complaint, the plaintiff alleged that "the use of law school ranking has the effect of excluding all, or a substantial number of, African-American graduates of Historically Black Colleges and Universities from employment, because the U.S. News and World Report normally ranks HBCU law schools in the fourth tier" and that the "unlawful use of ties or familiarity with [Dallas] has the effect of excluding foreign-born applicants, such as the [p]laintiff, who was born in Nigeria, from employment." 1st Am. Compl. ¶ 44(d), (e). The fact that the plaintiff included the information underlying his proposed disparate impact claims in his first amended complaint undermines his contention that the proposed claims arose out of information unknown to him until the disclosure of the defendant's e-mails in February 2009.[4] Accordingly, the court denies the plaintiff's motion for leave to amend and his concomitant request to reopen discovery.

---

[4] Indeed, the plaintiff has failed to explain how the "newly discovered evidence," comprised of e-mails in which Patterson stated that immigration law experience was critical for the position and that she had a favorable bias toward University of Texas Law School graduates, revealed information giving rise to his disparate impact claims. *See generally* Pl.'s Mot.

8

### B. The Court Grants the Defendant Leave to Supplement Its Dispositive Motion to Address the Disparate Impact Claims Asserted in the First Amended Complaint

By the same token, the aforementioned allegations in the first amended complaint, which revealed the plaintiff's prior awareness of the information underlying his proposed claims, likewise put the defendant on notice that the plaintiff was asserting disparate impact claims. As previously noted, in his first amended complaint, the plaintiff clearly alleged that reliance on the *U.S. News & World Report* law school rankings had the effect of excluding African-American graduates of historically black law schools from employment, and that consideration of an applicant's ties or familiarity with the Dallas area had the effect of excluding foreign-born applicants from considerations. *Id*. ¶ 44(d), (e). In so doing, the plaintiff alleged the existence of facially neutral employment practices having a disparate impact on protected classes. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988) (observing that "disparate impact" claims concern "facially neutral employment practices that have significant adverse impact on protected groups") (emphasis omitted).

The defendant does not squarely address these disparate impact claims in its pending dispositive motion, *see generally* Def.'s Mot., presumably because the aforementioned allegations are subsumed in a single, sprawling count of "National Origin Discrimination," 1st Am. Compl. ¶¶ 41-45; *see also Gilbert v. Chertoff*, 2006 WL 2793169, at *2-3 (D.D.C. Sept. 28, 2006) (concluding that general allegations of unlawful conduct, disparate treatment and retaliation not stated in separate counts "effectively preclude[d] Defendant from fashioning a coherent answer to the Complaint"); *Klauber v. City of Sarasota*, 235 F. Supp. 2d 1263, 1269 (M.D. Fla. 2002) (holding that the complaint did not contain a First Amendment claim, despite the plaintiff's argument that the count alleging a Fourteenth Amendment violation encompassed

a First Amendment claim, as "[i]t is neither Defendants', nor this Court's, duty to play hide-and-seek with claims that Plaintiff claims might be hidden somewhere within Plaintiff's complaint"); 5A FED. PRAC. & PROC. § 1324 (observing that "the federal courts consistently have required separate statements when separate claims are pleaded, notwithstanding the fact that the claims arose from a single transaction").

Accordingly, the court will provide the defendant an opportunity to supplement its pending dispositive motion to address the disparate impact claims raised in the plaintiff's first amended complaint. At that time, the court will consider any arguments concerning the absence of statistical evidence of causation and the plaintiff's failure to exhaust administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to amend the first amended complaint and reopen discovery and grants the defendant leave to supplement its pending dispositive motion. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th day of March, 2010.

RICARDO M. URBINA
United States District Judge